FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEVIN C.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br><br>    Defendant. | No. 4:20-CV-05162-JAG<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 19. Attorney D. James Tree represents Devin C. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 22, 2018, alleging disability since July 13, 2017, due to chronic fatigue syndrome, severe abdominal pain (epigastric), anxiety, irritable bowel syndrome, allergies, vitamin deficiency, chronic nausea, hearing loss, iron deficiency, and dysmenorrhea. Tr. 151-52. The application was denied initially and upon reconsideration. Tr. 173-76, 180-82. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on September 30, 2019, Tr. 76-104, and issued an unfavorable decision on October 17, 2019, Tr. 21-33. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 30, 2020. Tr. 1-6. The ALJ's October 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 16, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 36 years old when she filed her application. Tr. 32. She has a high school education and at the time of her hearing she was working on her Associate's degree one class at a time. Tr. 80. She has a minimal work history, having last worked in 2006 at a movie theater. Tr. 318. She has alleged disabling pain, nausea and IBS symptoms, particularly each month during her menstrual period. Tr. 81-82, 85, 864, 1112.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On October 17, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21-33.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: abdominal pain/irritable bowel syndrome (IBS) with nausea; dysmenorrhea; chronic fatigue; anxiety; somatic disorder, and heavy metal toxicity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25-27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of sedentary work, with the following limitations:

> She can lift up to ten pounds occasionally; stand or walk for up to 2 hours in an eight-hour workday, and sit for up to 8 hours in an eight-hour workday with normal breaks. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally stoop. She can frequently crouch, kneel, or crawl. She should avoid anything more than occasional use of dangerous moving machinery or exposure to unprotected heights. She should be limited to a low stress job, defined as not requiring the worker to cope with work related circumstances that could be dangerous to the worker or others. Specifically, she should not perform production pace conveyer belt type-work, or management type-work. She should further be limited to routine and repetitive work type tasks, which could be complex in nature. Further, the claimant would need a predictable work environment with only occasional simple workplace changes.

Tr. 27.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 32.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of receptionist and dispatcher. Tr. 32-33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 33.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting Plaintiff's subjective complaints; and (2) improperly rejecting medical opinion evidence.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 17 at 5-9.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 28. The ALJ found Plaintiff's complaints were unsupported by the objective findings and found that her routine course of treatment was effective. Tr. 28-29.

Plaintiff argues the ALJ improperly rejected her subjective complaints based on the objective findings alone, and made factual errors in his summary of the objective evidence. ECF No. 17 at 5-9. Defendant argues the ALJ reasonably interpreted the medical records as unsupportive of Plaintiff's complaints and permissibly found the routine, conservative care effectively controlled her conditions, and that Plaintiff inexplicably failed to follow recommended treatment. ECF No. 19 at 3-8.

The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the

claimant's pain and its disabling effects."). The ALJ summarized Plaintiff's records and noted a number of normal findings regarding her physical and mental status. Tr. 28-29. The Court finds the ALJ's summary of the treatment records and finding that the objective evidence did not support Plaintiff's subjective complaints is an insufficient basis on its own for discounting Plaintiff's reports.

To the extent the ALJ implied Plaintiff's course of treatment was "routine" and helped control her symptoms, there is no indication that Plaintiff's conditions were subject to any more aggressive treatments, or that she experienced any lasting relief of her symptoms or improvement to the point of being able to work. Tr. 867, 871, 1064, 1066. Dr. Karlson indicated that Plaintiff's conditions continued to impair her, despite extensive workups and consults with specialists. Tr. 1116. Dr. Rawlins noted treatment had helped "a little," but that Plaintiff's response was inconsistent over time, and that some days she felt much better than others. Tr. 1121. Therefore, the Commissioner's argument that the ALJ reasonably found Plaintiff's conservative treatment to be effective is not supported by substantial evidence.

Defendant further indicates Plaintiff's subjective complaints were not reliable because she failed to follow through with dietary treatment recommendations for her heavy metal toxicity. ECF No. 19 at 6-7. The ALJ did not rely on this fact in discussing why he found Plaintiff's reports unreliable. Therefore, the Court will not consider this rationale. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

On remand, the ALJ will reconsider Plaintiff's subjective complaints.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

**2.      Medical opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 17 at 9-18. She argues the ALJ improperly rejected the opinions from Drs. Marks, Karlson, and Rawlins. *Id.*

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

    *a.    Dr. Marks*

Plaintiff attended a consultative psychological exam for Washington State Department of Social and Health Services in February 2018 with Dr. N.K. Marks. Tr. 998-1003. Dr. Marks diagnosed Plaintiff with somatic symptom disorder and opined she would have primarily mild to moderate impairment in work-related functions, but would be markedly impaired in being aware of normal hazards and taking appropriate precautions and in setting realistic goals and planning independently. Tr. 1000.

The ALJ found this opinion was not persuasive, noting it was not supported by Dr. Marks' cursory evaluation with lack of explanation to support the limitations and the almost entirely unremarkable mental status exam. Tr. 30. The ALJ further found the opinion was inconsistent with the longitudinal medical record showing minimal mental health treatment and generally unremarkable mental status findings. *Id.*

Plaintiff argues the ALJ erred in failing to explain what he found to be cursory about Dr. Marks' exam, noting that it included a mental status exam, clinical interview, and review of a prior assessment. ECF No. 17 at 11. She further argues that while some of the mental status findings were normal, others were abnormal, and those abnormal findings support the opinion. *Id.* at 12. Finally, she argues the opinion is consistent with other opinions in the file indicating disabling

limitations. *Id.* at 13. Defendant argues the ALJ's rationale was sufficient, and Plaintiff merely offers an alternative interpretation of the evidence. ECF No. 19 at 12. Defendant additionally asserts that any error on the part of the ALJ was harmless at most, as the only marked limitations assessed by Dr. Marks are accounted for in the RFC. *Id.* at 10-11.

The Court finds any error was harmless as the RFC accounts for the limitations Dr. Marks assessed.[2] However, as this claim is being remanded for further proceedings, the ALJ shall reconsider the medical evidence in completing the five-step analysis.

      b.     Dr. Karlson

Plaintiff's treating doctor, Katie Karlson completed a disability verification form for DSHS in February 2018, in which she noted Plaintiff had moderate to severe limitations at various times, stemming from chronic fatigue, IBS, anxiety, painful menstrual periods, and abdominal/epigastric pain. Tr. 1005. She opined Plaintiff was severely limited and unable to meet the demands of sedentary work. Tr. 1006. Doctor Karlson also completed a medical source statement for Plaintiff's disability claim in 2019 in which she noted Plaintiff needed to lie down during the day, that full-time work would cause her condition to deteriorate, and that she would be likely to miss four or more days of work per month. Tr. 1074-75.

The ALJ found these opinions to not be persuasive, noting Plaintiff's reports of only mild anxiety symptoms, typically normal mental status presentation, and lack of counseling. Tr. 31. The ALJ further noted Plaintiff's completely unremarkable physical exam the day Dr. Karlson completed the paperwork, and

---

[2] As the ALJ found this opinion to not be persuasive, it would appear that the ALJ interpreted the opinion as assessing limitations greater than those the ALJ ultimately included in the RFC. On remand, the ALJ should clarify his position.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

found the opinion was inconsistent with the longitudinal record showing conservative treatment and few objective signs of impairment on exam. *Id.*

The Court finds the ALJ did not err. The more relevant the objective medical evidence and supporting explanations presented and the more consistent an opinion is with the longitudinal record, the more persuasive it will be. The ALJ reasonably considered the most important factors of consistency and supportability, and reasonably interpreted the records in finding Dr. Karlson's opinion to be inconsistent with the lack of objective findings on her own exam and throughout the record. However, as this claim is being remanded on other bases, the ALJ will reconsider all of the medical evidence, including any additional evidence that may be presented upon remand.

    c.    *Dr. Rawlins*

Plaintiff's treating gynecologist, Dr. Rawlins, completed a medical source statement in May 2019 in which he noted Plaintiff needed to lie down during the day due to extreme fatigue and would be likely to miss four or more days of work. Tr. 1076-77.

The ALJ found this opinion to not be persuasive because it appeared to be overly reliant on Plaintiff's subjective complaints and unsupported by objective clinical exam findings. Tr. 31. The ALJ further noted that the longitudinal record did not describe Plaintiff as lethargic or fatigued, despite her subjective complaints. Tr. 32.

Plaintiff argues there was no basis for the ALJ to conclude that the opinion was more based on Plaintiff's subjective reports than on Dr. Rawlins' professional judgments and clinical observations, and also reiterates that the ALJ improperly rejected Plaintiff's subjective complaints. ECF No. 17 at 17-18. Defendant argues the ALJ's reasoning is supported by substantial evidence, and that the ALJ reasonably considered the supportability and consistency of the opinion. ECF No. 19 at 15-16.

The Court finds the ALJ reasonably considered the factors of supportability and consistency, and that his interpretation of the record was reasonable. However, as this claim is being remanded for further proceedings, the ALJ will reconsider the opinion evidence, along with any additional evidence submitted on remand.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.[3]

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

---

[3] Though not raised by the parties, the Court also takes note that the step five findings consisted of semi-skilled jobs without the ALJ making any finding that Plaintiff has acquired skills that are transferrable to semi-skilled work, in violation of Ninth Circuit caselaw. *See Barnes v. Berryhill*, 895 F.3d 702 (9th Cir. 2018). On remand, the ALJ should take care to make legally sufficient step five findings.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 22, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE